J-S69027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON LEE LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1025 MDA 2018 |

Appeal from the PCRA Order Entered May 30, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001161-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:  **FILED: NOVEMBER 9, 2018**

Brandon Lee Lawrence appeals from the order, entered in the Court of Common Pleas of Adams County, dismissing as untimely his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  Before us also is counsel's **Turner**/**Finley**[2] no-merit letter and petition to withdraw.  After our review, we affirm the PCRA court's order dismissing Lawrence's PCRA petition and we grant counsel's petition to withdraw.

On July 14, 2014, Lawrence entered an open guilty plea to one count of involuntary deviate sexual intercourse (IDSI) with a person less than 16 years

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

of age. 18 Pa.C.S.A. § 3123(a)(7).[3] The court sentenced Lawrence that same day to four to eight years' incarceration, followed by eight years' probation. As a "Tier III offender" under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, Lawrence was ordered to undergo lifetime registration.[4] No direct appeal was filed.

On July 15, 2015, Lawrence filed his first PCRA petition. The PCRA court denied relief on December 1, 2015. Lawrence did not file a direct appeal. On March 5, 2018, Lawrence filed a second PCRA petition, *pro se*, challenging SORNA's lifetime registration requirement; he argued **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2018) (OAJC) (holding that SORNA's enhanced

_____

[3] 18 Pa.C.S.A. § 3123(a)(7) (graded as a felony of the first degree). At the time of the offense, Lawrence was 20 years old and the victim was 14 years old.

[4] On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901*, et seq*. **Commonwealth v. Sampolski**, 89 A.3d 1287, 1288 (Pa. Super. 2014). Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. **Id.** Pursuant to section 9799.15(a)(3), a Tier III offender, like Lawrence, must register for the remainder of his or her life. 42 Pa.C.S.A. § 9799.15(a)(3). Pursuant to the report of the Sexual Offenders Assessment Board (SOAB), Lawrence was not classified as a sexually violent predator (SVP). Before this appeal was filed, the General Assembly amended SORNA in response to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2018) (Opinion Announcing Judgment of the Court), which became effective February 21, 2018. **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The current registration provisions of SORNA presumptively apply to Lawrence.

registration requirements are punitive and, therefore, applying SORNA retroactively is a violation of the ex post facto clauses of the U.S. Constitution and Pennsylvania Constitutions) rendered his lifetime registration requirement illegal as it exceeded the statutory maximum of twenty years for a felony of the first degree.[5]

The PCRA court appointed counsel and, on May 1, 2018, issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On May 29, 2018, the court denied Lawrence's PCRA petition. Lawrence filed this appeal on June 7, 2018, and on September 7, 2018, counsel filed his motion to withdraw and a **Turner**/**Finley** "no merit" letter.[6]

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa. Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

_____

[5] 18 Pa.C.S.A. § 1103(3).

[6] Counsel has complied with the requirements of **Turner**/**Finley**. **See Commonwealth v. Wrecks**, 931 A.2d 717 (Pa. Super. 2007) (discussing counsel's obligations under **Turner**/**Finley**).

Here, Lawrence was sentenced on July 14, 2014; he did not file a direct appeal, and so his judgment of sentence became final on August 13, 2014, at the expiration of time for filing a direct appeal. **See** Pa.R.A.P. 903(a). Thus, Lawrence had one year, until August 13, 2015, to file any petition, "including a second or subsequent petition." 42 Pa.C.S.A. § 9541(b)(1). His petition, filed on March 5, 2018, is, therefore, untimely. Lawrence did not assert or prove any of the statutory exceptions to the PCRA time-bar. **See id.**; **Commonwealth v. Murphy**, 180 A.3d 402, (Pa. Super. 2018) (stating petitioner cannot rely on **Muniz** to meet timeliness exception under section 9545(b) until Supreme Court so holds). Therefore, Lawrence's petition is time-barred, and the PCRA court lacked jurisdiction to review it. The PCRA court, therefore, properly dismissed Lawrence's second PCRA petition. Accordingly, we affirm the PCRA court's order and grant counsel's petition to withdraw.[7]

_____

[7] Recently, in **Commonwealth v. Strafford**, 2018 PA Super 223, 2018 WL 3717081 (filed Aug. 6, 2018), this Court held that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code, and that a lifetime registration requirement authorized by SORNA does not constitute an illegal sentence. "Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from [appellant's] term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration." **Id**. at *3.

Order affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018